■ WASHINGTON MUTUAL BANK, FA, Respondent, v HERSHEY ITZKOWITZ et al., Appellants, et al., Defendants. [851 NYS2d 599]— In an action to foreclose a mortgage, the defendants Hershey Itzkowitz and Pearl Itzkowitz, appeal from (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated May 21, 2006, which denied as untimely their motion for leave to renew the plaintiff's motion for summary judgment and to vacate a judgment of foreclosure entered April 8, 2002, and (2) an order of the same court dated June 29, 2006, which denied their motion to preliminarily enjoin the plaintiff from selling the premises at issue.

Ordered that the orders are affirmed, with one bill of costs.

Pursuant to CPLR 2221 (e), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and the motion papers must contain a "reasonable justification for the failure to present such facts on the prior motion." "After entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221 (e) (2) based upon 'a change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (*Matter of Eagle Ins. Co. v Persaud,* 1 AD3d 356, 357 [2003], quoting CPLR 2221 [e] [2]; *see Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist.,* 278 AD2d 364 [2000]). The appellants do not allege any of the circumstances set forth in CPLR 5015.

The final judgment in the instant case was entered on April 8, 2002. The appellants never appealed the judgment, and did not make their motion for leave to renew until almost three years later. Therefore, the Supreme Court properly denied the motion for leave to renew as untimely.

In view of the proper denial of the appellants' motion for

leave to renew, and in view of the fact that a final judgment of foreclosure was entered in 2002, the Supreme Court also properly denied the appellants' motion for a preliminary injunction.

Motion by the respondent on appeals from two orders of the Supreme Court, Rockland County, dated May 21, 2006 and June 29, 2006, respectively, inter alia, to dismiss the appeals on the ground that the record on the appeals is not properly certified or, in the alternative, to strike stated portions of the record on the appeals and the appellants' brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated May 15, 2007 [2007 NY Slip Op 69497(U)], that branch of the motion which was to strike stated portions of the record on the appeals and the appellants' brief was held in abeyance, and was referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike stated portions of the record on the appeals and the appellants' brief is granted to the extent that pages 252 and 253 of the record on the appeals are stricken on the ground that they are dehors the record, those pages of the record have not been considered on the appeals, and that branch of the motion is otherwise denied. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.