(April 17, 2013)

■ ABDULATIF ABDULAYEV, Appellant, v MARK YADGAROV et al., Respondents. [964 NYS2d 545]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated November 1, 2011, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 and to vacate a notice of pendency filed against the subject real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action pursuant to RPAPL article 15 to compel the determination of claims to certain real property located in Forest Hills (hereinafter the subject property). The defendants moved to dismiss the complaint pursuant to CPLR 3211 and to vacate a notice of pendency filed against the subject property. The Supreme Court granted the defendants' motion.

The Supreme Court should not have directed dismissal of the complaint pursuant to CPLR 3211 (a) (1). To the extent that the evidence submitted by the defendants constituted "documentary evidence" within the meaning of CPLR 3211 (a) (1), such evidence failed to utterly refute the allegations of the complaint and did not conclusively establish a defense as a matter of law (*see Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1017 [2012]).

However, the Supreme Court properly directed dismissal of the complaint pursuant to CPLR 3211 (a) (7) and vacatur of the notice of pendency filed against the subject property. Contrary to the plaintiff's contention, the allegations of the complaint were insufficient to state a cause of action to void the subject contract of sale on the ground that the plaintiff lacked a full understanding of the English language (*see Pimpinello v Swift & Co.*, 253 NY 159, 163 [1930]), inasmuch as the complaint failed to adequately plead the "reasonable effort[s]" he undertook to understand the documents he executed (*Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]; *cf. Holcomb v TWR Express, Inc.*, 11 AD3d 513, 514 [2004]; *Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761-762 [1998]; *Sofio v Hughes*, 162 AD2d 518, 520 [1990]). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.