Itzkowitz v JPMorgan Chase Bank, N.A. (2019 NY Slip Op 06758)





Itzkowitz v JPMorgan Chase Bank, N.A.


2019 NY Slip Op 06758


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-08828
 (Index No. 32047/16)

[*1]Hershey Itzkowitz, appellant, 
v
JPMorgan Chase Bank, N.A., defendant, State Street Bank and Trust Company, et al., respondents.


Phillip J. Murphy, New City, NY, for appellant.
Fein, Such, Kahn & Shepard, P.C., Westbury, NY (Gregg P. Tabakin and Andrew M. Grenell of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that an assignment of a note is void, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated July 18, 2017. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants State Street Bank and Trust Company, FRT 2011-1 Trust, and Seneca Mortgage Servicing, LLC, and granted the cross motion of the defendants State Street Bank and Trust Company, FRT 2011-1 Trust, Seneca Mortgage Servicing, LLC, Conika Majumdar, and Fein Such & Crane, LLP, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The instant action, as well as a prior action to foreclose a mortgage (hereinafter the foreclosure action), both involve a note secured by a mortgage on certain property located in Monsey. In the context of the foreclosure action, a judgment of foreclosure and sale dated April 3, 2002 (hereinafter the judgment), was entered in favor of nonparty Washington Mutual Bank, F.A. (hereinafter Washington Mutual), and against, among others, Hershey Itzkowitz, the plaintiff in the instant action (hereinafter the plaintiff). The plaintiff never appealed from the judgment.
Approximately four years after the judgment was entered, the plaintiff moved for leave to renew his opposition to Washington Mutual's motion for summary judgment on the complaint and to vacate the judgment. In an order dated May 21, 2006, the Supreme Court denied, as untimely, the plaintiff's motion for leave to renew and to vacate the judgment. In a decision and order dated January 29, 2008, this Court affirmed that order (see Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923). The plaintiff then moved again to vacate the judgment, and in an order dated January 9, 2014, the Supreme Court denied that motion.
In 2016, the plaintiff commenced the instant action against, among others, State Street Bank and Trust Company, FRT 2011-1 Trust, Seneca Mortgage Servicing, LLC, Conika Majumdar, and Fein Such & Crane, LLP (hereinafter collectively the defendants), inter alia, for a judgment declaring that an assignment of the note is void. The plaintiff moved for summary judgment on the [*2]complaint insofar as asserted against State Street Bank and Trust Company, FRT 2011-1 Trust, and Seneca Mortgage Servicing, LLC. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination to grant the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. " A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action'" (Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754, quoting Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913). Here, the defendants established, prima facie, that the plaintiff, in effect, was seeking to relitigate issues that either were raised or could have been raised in the foreclosure action (see generally Archibald v Wells Fargo Bank, N.A., 166 AD3d 573; Mazzurco v Astoria Fed. Sav. & Loan Assn., 157 AD3d 943, 944). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiff waived his challenge to the answer of State Street Bank and Trust Company, FRT 2011-1 Trust, and Seneca Mortgage Servicing, LLC (see CPLR 3022; Matter of Giambra v Commissioner of Motor Vehs. of State of N.Y., 46 NY2d 743, 745; Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920, 921-922; Ligotti v Wilson, 287 AD2d 550, 551).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court