Gable v Cahill (2020 NY Slip Op 51135(U))

[*1]

Gable v Cahill

2020 NY Slip Op 51135(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-165 K C

Philip L. Gable, Appellant, 
against
Kathleen Cahill, Respondent. 

Philip L. Gable, appellant pro se.
Kathleen Cahill, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria
P. Edwards, J.), entered July 17, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $2,400.
Plaintiff commenced this small claims action to recover a $2,400 security deposit. At a
nonjury trial, it was undisputed that plaintiff had rented only the ground floor of a brownstone
from defendant and that the lease did not include the backyard as part of the rented premises.
Defendant testified that she had paid her brother to remove sand and dirt from the backyard and
submitted a bill from her brother as well as two estimates for the same work. The record reflects
that defendant did not submit proof of any other costs incurred after plaintiff had moved out.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
A tenant's security deposit remains the property of the tenant but may be held by the landlord
"as security to the performance of the contract or agreement" (General Obligations Law §
7-103 [1]) and must be returned at the conclusion of the tenancy, absent proof, for example, that
the tenant caused damage beyond that attributable to ordinary wear and tear (see Quijano v
Rowinski, 64 Misc 3d 128[A], 2019 NY Slip Op 50990[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip
Op 50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Finnerty v Freeman,
176 Misc 2d 220, 222 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). "Where a landlord
establishes that the tenant [*2]caused such damage, it is the
landlord's further burden to establish the reasonable value of any of the repairs allegedly made to
the premises" (Hermida v
Blochwitz, 55 Misc 3d 149[A], 2017 NY Slip Op 50722[U], *2 [App Term, 2d Dept,
9th & 10th Jud Dists 2017] [internal quotation marks, ellipses and citations omitted]).
The parties' lease did not include the backyard as a portion of the premises being rented. As
such, defendant's deductions for costs related to the removal of dirt and sand from the backyard
are not properly withheld from the security deposit because they were not breaches of the lease
(see Glass v Janbach Props., 73 AD2d 106 [1980]). Moreover, defendant did not assert a
counterclaim. As the only proof of damages defendant presented was for elements outside the
apartment—dirt and sand located in the backyard, we find that the judgment dismissing
the action failed to provide substantial justice between the parties (see CCA 1804,
1807; Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of plaintiff in the principal sum of $2,400.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020