Wells Fargo Bank, Natl. Assn. v Hyun Jung Kim (2020 NY Slip Op 08109)





Wells Fargo Bank, Natl. Assn. v Hyun Jung Kim


2020 NY Slip Op 08109


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03504
 (Index No. 709048/15)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Hyun Jung Kim, appellant, et al., defendants.


Solomon Zabrowsky, New York, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Adam P. Hartley and Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hyun Jung Kim appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 17, 2019. The judgment of foreclosure and sale, upon an order of the same court entered August 14, 2018, granting the plaintiff's motion for a judgment of foreclosure and sale and denying the cross motion of the defendant Hyun Jung Kim, in effect, to vacate an order of reference of the same court entered May 16, 2017, upon her failure to appear or answer the complaint and for leave to serve a late answer, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Hyun Jung Kim (hereinafter the defendant). On May 16, 2017, the Supreme Court entered an order of reference upon the defendant's failure to appear or answer the complaint. Subsequently, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, in effect, to vacate the order of reference and for leave to serve a late answer. In support of the cross motion, the defendant submitted an affidavit in which she averred, inter alia, that she did not realize that she was supposed to submit an answer to the complaint. In an order entered August 14, 2018, the court granted the plaintiff's motion and denied the defendant's cross motion. A judgment of foreclosure and sale was entered on January 17, 2019. The defendant appeals.
A defendant seeking to vacate a default in appearing in the action or answering the complaint must show both a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; U.S. Bank N.A. v Crawford, 174 AD3d 762, 763; US Bank N.A. v Dedomenico, 162 AD3d 962, 964). Here, the defendant's proffered excuse that she was unaware of the need to answer the complaint was insufficient to demonstrate a reasonable excuse for the default (see U.S. Bank N.A. v Crawford, 174 AD3d at 763; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049; U.S. Bank N.A. v Slavinski, 78 AD3d 1167). The conclusory assertion of the defendant's attorney that the defendant's default was based, in part, on the fact that the defendant was not completely fluent in English was improperly asserted for the first time in reply, not supported by any evidence in the record, and, ultimately, merely an extension of the argument that the defendant lacked understanding of the legal process, which was insufficient to demonstrate a [*2]reasonable excuse for the default (see U.S. Bank N.A. v Crawford, 174 AD3d at 763; see also Abdulayev v Yadgarov, 105 AD3d 877; Holcomb v TWR Express, Inc., 11 AD3d 513, 514). As the defendant failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she sufficiently demonstrated the existence of a potentially meritorious defense (see Elderco, Inc. v Kneski & Sons, Inc., 183 AD3d 703; US Bank N.A. v Dedomenico, 162 AD3d at 964).
Although the Supreme Court retains the inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect (see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915). Here, the defendant failed to provide any evidence that the orders entered in this action on her default were the result of fraud, mistake, inadvertence, surprise, or excusable neglect (see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 693).
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court