Redbridge Bedford, LLC v 240 Bedford Ave. Realty Holding Corp. (2021 NY Slip Op 21065)

Redbridge Bedford, LLC v 240 Bedford Ave. Realty Holding Corp.

2021 NY Slip Op 21065 [71 Misc 3d 22]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 9, 2021

[*1]

Redbridge Bedford, LLC, Respondent,
v
240 Bedford Ave. Realty Holding Corp. et al., Appellants, et al., Undertenant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, March 19, 2021

APPEARANCES OF COUNSEL

Wenig Saltiel, LLP (Meryl L. Wenig and Sehzad M. Sooklall of counsel) for appellants.
Adam Leitman Bailey, P.C. (Jonathan D. Lupkin of counsel) for respondent.

{**71 Misc 3d at 23} OPINION OF THE COURT

Memorandum.

Ordered that the final judgment is reversed, without costs, the order dated July 17, 2019, is vacated, and landlord's motion for summary judgment is denied.
In this commercial holdover proceeding commenced in 2018, landlord alleges that tenant supermarket breached a substantial obligation of the lease by, insofar as is relevant to this appeal, after having been served with a notice to cure, bringing a declaratory judgment action against landlord in Supreme Court, Kings County, on March 19, 2014, seeking a judgment that tenant had not violated several lease provisions.
In the Supreme Court action, tenant, along with 159 MP Corp., tenant's coplaintiff therein, moved for a Yellowstone injunction, and landlord cross-moved for summary judgment, based on paragraph 67 (H) of the rider to the lease between the parties which provides, in part, "Tenant waives its right to bring a declaratory judgment action with respect to any notice sent pursuant to the provisions of this Lease." Relying on this waiver provision, the Supreme Court denied tenant's motion for a Yellowstone injunction, granted landlord's cross motion for summary judgment and dismissed the complaint (159 MP Corp. v Redbridge Bedford, LLC, 2015 NY Slip Op 32817[U] [Sup Ct, Kings County 2015]). By order dated January 31, 2018, the Appellate Division affirmed the Supreme Court order (159 MP Corp. v Redbridge Bedford, LLC, 160 AD3d 176 [2018]), and the Appellate Division's order was affirmed by the Court of Appeals on [*2]May 7, 2019 (159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353 [2019]).
This proceeding was commenced, and landlord moved for summary judgment, after the Appellate Division's decision was{**71 Misc 3d at 24} rendered but before the Court of Appeals decided the case. Landlord based its motion on paragraph 67 (H) of the lease between the parties, which further provides that "any breach" of the waiver clause in that paragraph is a breach of a substantial obligation of the tenancy, and is therefore a ground for termination of the lease. The Civil Court granted landlord's motion. Tenant appeals from the final judgment that was subsequently entered.
Landlord argues that the dismissal of tenant's declaratory judgment action is dispositive of the issue before this court. However, the declaratory judgment action asserted that tenant was in compliance with the lease and did not involve any counterclaim by landlord to terminate the lease (see 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d at 357 n 1). This holdover proceeding is grounded upon landlord's purported termination of the lease based upon the termination clause of paragraph 67 (H), which tenant argues is void as against public policy.
Several months after the entry of the final judgment in this proceeding, and in response to the Court of Appeals' decision in the declaratory judgment action (see NY Assembly and Senate Actions on 2019 Assembly Bill A2554, enacted as L 2019, ch 689), the legislature enacted Real Property Law § 235-h, declaring that "any provision waiving or prohibiting the right of any tenant to bring a declaratory judgment action" with respect to any term of a commercial lease shall be "null and void as against public policy." We rely on the legislature's expression of the public policy of New York, as explicitly set forth in Real Property Law § 235-h and reflected in the legislative history thereof, and hold that the clause permitting the termination of the lease based upon tenant's commencement of a declaratory judgment action is unenforceable as against public policy.
Accordingly, the final judgment is reversed, the order dated July 17, 2019, is vacated, and landlord's motion for summary judgment is denied.
Aliotta, P.J., Elliot and Toussaint, JJ., concur.