S & H Clinton Assoc., LLC v Cherry (2021 NY Slip Op 50709(U))

[*1]

S & H Clinton Assoc., LLC v Cherry

2021 NY Slip Op 50709(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1139 N C

S & H Clinton Associates, LLC,
Respondent, 
against
Tyrone Cherry, Appellant. 

Tyrone Cherry, appellant pro se.
Horing, Welikson & Rosen P.C., for respondent (no brief filed).

Appeals from a final judgment of the District Court of Nassau County, First District (James
M. Darcy, J.), entered October 24, 2018 and an order of that court (Scott Fairgrieve, J.) dated
December 14, 2018. The final judgment, after a nonjury trial, awarded landlord possession and
the sum of $10,183 in a nonpayment summary proceeding. The order denied tenant's motion to
"[r]e-open [the] case."

ORDERED that the final judgment and order are affirmed, without costs.
In this nonpayment proceeding to recover possession of a rent-stabilized apartment, tenant
moved to dismiss the petition asserting, among other things, lack of personal jurisdiction based
on improper service of process, failure to serve a predicate notice and an affirmative defense of
laches. Following a traverse hearing, the District Court (James M. Darcy, J.) rendered an oral
decision, finding, among other things, that tenant had been properly served with the rent notice,
the notice of petition and the petition. After a nonjury trial, a final judgment was entered on
October 24, 2018, awarding landlord possession and the sum of $10,183. On October 25, 2018,
tenant served and filed a notice of appeal from the final judgment. On November 28, 2018, tenant
moved to "[r]e-open [the] case" based on purported newly-discovered evidence which tenant
alleged established that the rent notice, notice of petition and the petition were never sent by
certified mail to the apartment. By order dated December 14, 2018, the District Court (Scott
Fairgrieve, J.) denied tenant's motion. Tenant also appeals from that order.
Contrary to tenant's argument, the District Court properly determined that tenant failed to
[*2]establish a laches defense at trial. "Laches is an equitable
doctrine based on fairness" (Continental
Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 137 [2008]). For the doctrine
to apply, there must be a showing of (1) unexplained delay in instituting an action or proceeding
or in asserting a right and (2) prejudice to an adverse party (see Saratoga County Chamber of
Commerce v Pataki, 100 NY2d 801, 816 [2003]). Here, tenant failed to show any
unreasonable delay by landlord in instituting the instant proceeding, let alone any prejudice
arising from such delay (see City of New
York v Schmitt, 11 Misc 3d 145[A], 2006 NY Slip Op 50811[U], *9 [App Term, 2d
Dept, 2d & 11th Jud Dists 2006], affd 50 AD3d 1032 [2008]; cf. Lakeview Affordable Hous., LLC v
Turner, 66 Misc 3d 142[A], 2020 NY Slip Op 50163[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2020]).
While tenant argues on appeal that his post-judgment motion to "[r]e-open [the] case" should
have been granted pursuant to CPLR 5015 (a) (3), we find that tenant failed to establish the
existence of fraud, misrepresentation or misconduct on the part of landlord (see Deutsche Bank Natl. Trust Co. v
Conway, 169 AD3d 641, 642 [2019]).
To the extent that tenant relies on CPLR 5015 (a) (2), permitting a court to relieve a party
from a judgment based on "newly-discovered evidence which, if introduced at the trial, would
probably have produced a different result and which could not have been discovered in time to
move for a new trial under section 4404," that provision is not applicable because the purported
newly-discovered evidence was intended to be introduced, not at a trial, but at a traverse hearing.
We note that tenant's motion cannot be construed as seeking leave to renew his prior motion to
dismiss the petition based upon newly discovered evidence (see CPLR 2221 [e]), as such
a motion would be untimely (see Dinallo
v DAL Elec., 60 AD3d 620 [2009]; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923 [2008];
Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist.,
278 AD2d 364 [2000]; Matter of Reed v County of Westchester, 243 AD2d 714 [1997]).
In any event, tenant failed to establish that the new evidence upon which his motion was based
could not have been discovered earlier with due diligence (see Rose v Levine, 98 AD3d 1015, 1015-1016 [2012]; Federated Conservationists of Westchester
County v County of Westchester, 4 AD3d 326, 327 [2004]).
Tenant's remaining contentions lack merit.
Accordingly, the final judgment and order are affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021