Felder v Fleet Mills, LLC (2021 NY Slip Op 50713(U))

[*1]

Felder v Fleet Mills, LLC

2021 NY Slip Op 50713(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2020-236 W C

Ezobia Felder, Appellant, 
against
Fleet Mills, LLC, Respondent, and Mark Fontez, Defendant.

Ezobia Felder, appellant pro se.
Andrew M. Romano, Esq., for respondent (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the City Court of Yonkers,
Westchester County (Arthur J. Doran, III, J.), entered November 1, 2018. The judgment, insofar
as appealed from and as limited by the brief, after a nonjury trial, awarded plaintiff the total sum
of $1,025.89 as against defendant Fleet Mills, LLC.

ORDERED that the judgment, insofar as appealed from, is modified by increasing the award
in favor of plaintiff to the principal sum of $2,035; as so modified, the judgment, insofar as
appealed from, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover a $2,035 security deposit from Fleet
Mills, LLC (defendant), her former landlord, and Mark Fontez, its principal. On July 25, 2018,
defendant filed a counterclaim in the amount of $1,500, representing the cost to repaint plaintiff's
apartment. At a nonjury trial, defendant's witness testified that there were spackled pin holes on
the walls of the apartment and that he was not sure what the actual cost of repainting was.
Following the trial, the City Court stated that "while plaintiff has met [her] burden of proof,
the court will not, however, grant the full amount prayed for, but instead awards judgment in
favor of the plaintiff Felder in the sum of $1,000." The court also dismissed defendant's
counterclaim. A judgment was entered on November 1, 2018 awarding plaintiff the total sum of
$1,025.89 as against defendant and dismissing the action as against Fontez. As limited by the
brief, plaintiff appeals, on the ground of inadequacy, from so much of the judgment as awarded
her $1,025.89, instead of $2,035, as against defendant.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).
It is well settled that a tenant's security deposit is the property of the person making the
deposit (see General Obligation Law § 7-103) and must be returned at the
conclusion of the tenancy unless there is proof that the tenant caused damage beyond what is
attributable to ordinary wear and tear (see Mazzarelli v Moniaci, 21 Misc 3d 129[A],
2008 NY Slip Op 51967[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Here,
defendant failed to establish that plaintiff had damaged the apartment beyond what is attributable
to ordinary wear and tear (see James
Bohl, CPA, P.C. v Poffenbarger, 59 Misc 3d 128[A], 2018 NY Slip Op 50405[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2018]). Furthermore, defendant failed to provide the
court with any proof of the cost to repaint the apartment (see UCCA 1804; Gable v Cahill, 69 Misc 3d
128[A], 2020 NY Slip Op 51135[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020];
Mazzarelli v Moniaci, 21 Misc 3d 129[A], 2008 NY Slip Op 51967[U]).
To the extent that defendant relies on a lease clause requiring plaintiff to repaint the
apartment prior to vacating and permitting defendant to retain $1,500 from plaintiff's security
deposit if plaintiff fails to comply, we decline to enforce it. As of June 14, 2019, the
common-law rule that a landlord may not retain a security deposit for costs relating to ordinary
wear and tear was codified in General Obligations Law § 7-108 (1-a) (b), and "[a]ny
agreement by a lessee or tenant of a dwelling waiving or modifying his rights as set forth in
[section 7-108] shall be absolutely void" (General Obligations Law § 7-108 [3]). We rely on
the legislature's expression of the public policy of New York, as reflected by the codification of
the common-law rule as part of General Obligations Law § 7-108, and hold that the lease
clause at issue, which purports to permit defendant to retain part of the security deposit to cover
damage not permissibly covered by a security deposit, is unenforceable as against public policy
(see Redbridge Bedford, LLC v 240
Bedford Ave. Realty Holding Corp., 71 Misc 3d 22 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2021]).
Under the circumstances, substantial justice will be rendered (see UCCA 1807) by
awarding plaintiff the full amount of her security deposit.
Accordingly, the judgment, insofar as appealed from, is modified by increasing the award in
favor of plaintiff to the principal sum of $2,035. 
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021