U.S. Bank N.A. v Tong (2024 NY Slip Op 04279)

U.S. Bank N.A. v Tong

2024 NY Slip Op 04279

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-08768
 (Index No. 723408/20)

[*1]U.S. Bank National Association, etc., respondent,
v
Maritza Tong, appellant, et al., defendants.

Petroff Amshen, LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harld L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maritza Tong appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered October 4, 2022. The order granted the plaintiff's motion to direct the referee to conduct a sale and denied that branch of that defendant's cross-motion which was for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint and for an order of reference, which had been granted in an order of the same court dated June 29, 2016.
ORDERED that the order entered October 4, 2022, is affirmed, with costs.
In July 2007, the defendant Maritza Tong (hereinafter the defendant) executed a note in the sum of $544,000 in favor of Bank of America, N.A. (hereinafter BOA). The note was secured by a mortgage on residential property located in Bellerose. By assignment of mortgage executed December 14, 2009, BOA assigned the note and mortgage to the plaintiff.
On December 29, 2009, the plaintiff commenced the instant foreclosure action. In 2015, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant opposed the motion. In an order dated June 29, 2016, the Supreme Court granted the plaintiff's motion. Subsequently, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and an order and judgment of foreclosure and sale was entered on November 15, 2019.
On July 20, 2022, the plaintiff moved to direct the referee to conduct the sale of the property. Based upon an alleged change in the law, the defendant cross-moved, inter alia, for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint and for an order of reference. By order entered October 4, 2022, the Supreme Court, among other things, granted the plaintiff's motion and denied that branch of the defendant's cross-motion. The defendant appeals.
"'A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law'" (Opalinski v City of New York, 205 AD3d 917, 919, quoting [*2]Dinallo v DAL Elec., 60 AD3d 620, 621). However, "[a]fter entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a 'change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see Opalinski v City of New York, 205 AD3d at 919; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923, 923; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 365).
Here, the final judgment of foreclosure and sale entered on November 15, 2019, was served upon the defendant with notice of entry on January 2, 2020. The defendant never appealed from the judgment and did not make her cross-motion until August 12, 2022, long after her time to appeal from the judgment expired (see CPLR 5513[a],[d]). Therefore, the Supreme Court properly denied as untimely that branch of the defendant's motion which was for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint and for an order of reference (see Opalinski v City of New York, 205 AD3d at 919; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d at 923).
The defendant's remaining contentions are without merit.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court