Wilmington Sav. Fund Socy., FSB v Souffrant (2025 NY Slip Op 02239)

Wilmington Sav. Fund Socy., FSB v Souffrant

2025 NY Slip Op 02239

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-08086
 (Index No. 19845/06)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Pierre Souffrant, et al., appellants, et al., defendants.

Yolanda A. Corion, Brooklyn, NY, for appellant Pierre Souffrant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Pierre Souffrant and Shawn C. Joseph appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 31, 2022. The order, insofar as appealed from by the defendant Pierre Souffrant, denied those branches of the cross-motion of the defendants Pierre Souffrant and Shawn C. Joseph which were for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, which had been granted in an order of the same court (Noach Dear, J.) dated March 1, 2016, for leave to amend their answer to assert the affirmative defense of lack of standing, and to dismiss the complaint insofar as asserted against the defendant Pierre Souffrant for lack of standing. The appeal by the defendant Shawn C. Joseph was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order dated May 31, 2022, is affirmed insofar as appealed from by the defendant Pierre Souffrant, with costs.
In December 2004, the defendant Pierre Souffrant executed a note secured by a mortgage on certain real property located in Brooklyn. In July 2006, the plaintiff's predecessor in interest commenced an action against Souffrant and the defendant Shawn C. Joseph (hereinafter together the defendants), among others, to foreclose the mortgage. After the defendants interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against them and for an order of reference. In an order dated March 1, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appealed, and this Court affirmed the order insofar as appealed from (see Property Asset Mgt., Inc. v Souffrant, 162 AD3d 919). Meanwhile, in September 2017, the Supreme Court issued an order and judgment of foreclosure and sale, inter alia, confirming a referee's report and directing the sale of the subject property. No appeal was taken from the order and judgment of foreclosure and sale.
In September 2020, after delays occasioned by bankruptcy filings and the COVID-19 pandemic, the plaintiff moved for an extension of time to conduct a foreclosure sale. The defendants cross-moved, among other things, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference based upon a change in the law, i.e., the enactment of [*2]RPAPL 1302-a, for leave to amend their answer to assert the affirmative defense of lack of standing, and to dismiss the complaint insofar as asserted against Souffrant for lack of standing. The plaintiff opposed the cross-motion. By order dated May 31, 2022, the Supreme Court, inter alia, denied those branches of the cross-motion. Souffrant appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law, including, a clarification of decisional law" (Sharan v Christiana Trust, 219 AD3d 1549, 1551 [internal quotation marks omitted]; see CPLR 2221[e][2]). Pursuant to RPAPL 1302-a, which became effective in December 2019, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan . . . shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss" (RPAPL 1302-a; see Citimortgage, Inc. v Rogers, 203 AD3d 1125, 1126). However, "[a]fter entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon 'a change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see U.S. Bank N.A. v Tong, 230 AD3d 716, 716-717; Opalinski v City of New York, 205 AD3d 917, 919; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923, 923; see also Wilmington Trust N.A. v Fife, 212 AD3d 550, 550).
Here, the parties do not dispute that the order and judgment of foreclosure and sale dated September 5, 2017, was served upon the defendants with notice of entry on October 19, 2017. The defendants never appealed from the order and judgment of foreclosure and sale and did not cross-move for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference until September 2020, long after their time to appeal from the order and judgment of foreclosure and sale expired (see CPLR 5513[a], [d]). Therefore, the Supreme Court properly denied those branches of defendants' cross-motion which were for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, for leave to amend their answer to assert the affirmative defense of lack of standing, and to dismiss the complaint insofar as asserted against Souffrant for lack of standing, as untimely (see U.S. Bank N.A. v Tong, 230 AD3d at 716-717; Opalinski v City of New York, 205 AD3d at 919; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d at 923).
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court