Bank of N.Y. Mellon v Laskin (2025 NY Slip Op 03697)

Bank of N.Y. Mellon v Laskin

2025 NY Slip Op 03697

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10752
 (Index No. 604747/18)

[*1]Bank of New York Mellon, etc., respondent, 
v
Jerry Laskin, appellant, et al., defendants.

Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jerry Laskin appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 5, 2023. The order, insofar as appealed from, denied that defendant's motion for leave to renew his prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, which had been denied in an order of the same court (Thomas A. Adams, J.) dated March 20, 2019, made upon reargument and renewal, and to vacate a stipulation dated June 16, 2022, and an order and judgment of foreclosure and sale of the same court (David P. Sullivan, J.) dated October 18, 2022.
ORDERED that the order entered October 5, 2023, is affirmed insofar as appealed from, with costs.
In August 2011, the plaintiff commenced an action to foreclose a mortgage against the defendant Jerry Laskin (hereinafter the defendant), among others (hereinafter the 2011 action). The 2011 action was discontinued without prejudice upon a stipulation of the parties. Thereafter, on April 11, 2018, the plaintiff commenced this action to foreclose the mortgage. In lieu of answering, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground, inter alia, that it was time-barred. In an order dated December 14, 2018, the Supreme Court granted the defendant's motion on that ground, determining that the commencement of the 2011 action accelerated the mortgage debt and that the subsequent discontinuance did not revoke the acceleration.
The plaintiff moved for leave to reargue and renew its opposition to the defendant's motion to dismiss the complaint insofar as asserted against him. In an order dated March 20, 2019, the Supreme Court granted reargument and renewal and, upon reargument and renewal, denied the defendant's motion to dismiss the complaint insofar as asserted against him, concluding, among other things, that certain letters sent to the defendant "unequivocally establish[ed] that the plaintiff revoked its acceleration of the mortgage [debt]." The plaintiff subsequently moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant cross-moved to compel the plaintiff to accept his late answer. In an order dated November 6, 2019, the court granted the plaintiff's motion and denied the defendant's cross-motion.
Subsequently, the parties entered into a written stipulation dated June 16, 2022, pursuant to which the defendant withdrew his answer and consented to the entry of a judgment of foreclosure and sale at a designated amount, and the plaintiff waived its right to pursue a deficiency judgment against the defendant. In an order and judgment of foreclosure and sale dated October 18, 2022, the Supreme Court, upon the stipulation, among other things, directed the sale of the subject property.
The defendant moved for leave to renew his motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and to vacate the stipulation and the order and judgment of foreclosure and sale. In an order entered October 5, 2023, the Supreme Court, inter alia, denied the motion. The defendant appeals.
"'A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law'" (Opalinski v City of New York, 205 AD3d 917, 919, quoting Dinallo v DAL Elec., 60 AD3d 620, 621; see U.S. Bank N.A. v Tong, 230 AD3d 716, 716-717). However, "[a]fter entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon 'a change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357; see U.S. Bank N.A. v Tong, 230 AD3d at 717; Opalinski v City of New York, 205 AD3d at 919; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923, 923).
Here, the defendant was served with notice of entry of the order and judgment of foreclosure and sale on January 13, 2023. His time to appeal from the order and judgment of foreclosure and sale expired 30 days later (see CPLR 5513[a]). The defendant's motion, among other things, for leave to renew was made more than 30 days later, and therefore, that branch of the motion which was for leave to renew was untimely (see Washington Mut. Bank, FA v Itzkowitz, 47 AD3d at 923; Daniels v Millar El. Indus., Inc., 44 AD3d 895; Matter of Eagle Ins. Co. v Persaud, 1 AD3d at 357).
Moreover, contrary to the defendant's contention, vacatur of the order and judgment of foreclosure and sale was not warranted in the interest of justice. "It is a well-settled principle that a court has the inherent power to grant a motion to vacate its own judgment 'for sufficient reason, in furtherance of justice'" (56 Marquis v Mosello, 239 AD2d 544, 544-545, quoting Ladd v Stevenson, 112 NY 325, 332; see Hudson City Sav. Bank v Hossain, 181 AD3d 572, 574). However, "'this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect'" (American Home Mtge. Servicing, Inc. v Kaplan, 227 AD3d 647, 651, quoting Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742). Here, there is no evidence of, and the defendant does not allege, fraud. Nor is there evidence of "mistake, inadvertence, surprise, or excusable neglect" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1675).
In light of our determination, we do not reach the defendant's remaining contentions.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court