Wilmington Sav. Fund Socy., FSB v Sposato (2025 NY Slip Op 06752)

Wilmington Sav. Fund Socy., FSB v Sposato

2025 NY Slip Op 06752

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-02452
 (Index No. 65567/14)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Robert Sposato, et al., defendants, Linda Sposato, appellant.

Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for appellant.
Knuckles & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Linda Sposato appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated March 2, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) for leave to renew her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her, which had been denied in an order of the same court dated March 1, 2019, and, in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, which had been granted in the order dated March 1, 2019, and (2) for leave to reargue her prior separate cross-motion for summary judgment dismissing the complaint insofar as asserted against her, which had been denied in an order and judgment of foreclosure and sale (one paper) of the same court dated September 13, 2019, and her opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in the order and judgment of foreclosure and sale dated September 13, 2019.
ORDERED that the appeal from so much of the order dated March 2, 2023, as denied that branch of the motion of the defendant Linda Sposato which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838); and it is further,
ORDERED that the order dated March 2, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 4, 2007, the defendant Linda Sposato (hereinafter the defendant) and another individual executed a note in the amount of $1,050,000 in favor of Chevy Chase Bank, F.S.B. (hereinafter Chevy Chase). The note was secured by a mortgage on certain real property located in Westchester County.
In September 2014, Capital One, N.A. (hereinafter Capital One), Chevy Chase's [*2]successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer dated December 5, 2014. In October 2018, Wilmington Savings Fund Society, FSB (hereinafter the plaintiff), Captial One's successor in interest, moved, inter alia, to substitute itself as the plaintiff and for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. By order dated March 1, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. In an order and judgment of foreclosure and sale dated September 13, 2019, the court, inter alia, confirmed a referee's report and directed the sale of the property.
In November 2022, the defendant moved, among other things, for leave to renew her prior cross-motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304 and, in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference. The defendant argued that this Court's opinion and order in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317) constituted a change in the law and that the inclusion of an additional notice regarding the Servicemembers Civil Relief Act in the same envelope as the RPAPL 1304 notice rendered the RPAPL 1304 notice defective. In an order dated March 2, 2023, the Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appealed from both the order and judgment of foreclosure and sale and the order dated March 2, 2023. In a decision and order on motion dated February 9, 2024, this Court, among other things, granted that branch of the plaintiff's cross-motion which was to dismiss the appeal from the order and judgment of foreclosure and sale as untimely. We now affirm the order dated March 2, 2023, insofar as reviewed.
Pursuant to CPLR 2221(e)(2), a motion for leave to renew must "demonstrate that there has been a change in the law that would change the prior determination." "After entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon 'a change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see U.S. Bank N.A. v Tong, 230 AD3d 716, 717). The defendant does not contend on appeal that any of the circumstances set forth in CPLR 5015 apply in this case.
Here, a notice of entry of the order and judgment of foreclosure and sale was served on the defendant on March 12, 2020. The defendant failed to timely appeal from the order and judgment of foreclosure and sale and did not move for leave to renew until almost three years later (see Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923). Therefore, that branch of the defendant's motion which was for leave to renew was untimely, and the Supreme Court properly denied it.
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court