■ TRAVIS A. GLICKSMAN et al., Respondents, v BOARD OF EDUCATION/CENTRAL SCHOOL BOARD OF COMSEWOGUE UNION FREE SCHOOL DISTRICT, Appellant. [717 NYS2d 373] —In an action to recover damages for personal injuries, etc., the defendant

appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered March 13, 2000, which granted the plaintiffs' motion for leave to renew the defendant's prior motion for summary judgment dismissing the complaint, and, upon renewal, vacated its judgment entered May 12, 1999, dismissing the complaint, denied the defendant's motion, and reinstated the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment entered May 12, 1999, is reinstated.

Pursuant to a judgment entered May 12, 1999, the complaint in this action was dismissed. The plaintiffs did not appeal from the judgment. In or about December 1999, they moved for leave to renew based on a change in decisional law. In opposition, the defendant contended that the motion was untimely because the plaintiffs had not taken an appeal from the judgment, and their motion was made after the time to appeal had expired. The Supreme Court granted the motion without addressing the timeliness issue. We conclude that the motion was untimely and, therefore, the Supreme Court erred in granting it.

CPLR 2221 was amended, effective July 20, 1999, by adding new subdivisions (d), (e), and (f) to codify and clarify the rules governing motions for leave to reargue and renew which had evolved through case law (*see,* L 1999, ch 281; Mem of Off of Ct Admin, 1999 NY Legis Ann, at 158; Leg Mem, 1999 McKinney's Session Laws of NY, at 1721-1722; Report of Advisory Committee, 1999 McKinney's Session Laws of NY, at 2065-2066). As relevant to this appeal, CPLR 2221 (e) (2) provides that a motion for leave to renew "shall demonstrate that there has been a change in the law that would change the prior determination." Consistent with case law, the amended statute does not impose a time limit for making a motion for leave to renew, but provides that a motion for leave to reargue must be made within 30 days after service of a copy of the prior order with notice of entry (*see,* CPLR 2221 [d] [3]; [e]).

Before the amendment, a motion seeking relief from a prior order based on a change in the law was generally considered to be a motion for reargument (*see, Matter of Huie [Furman],* 20 NY2d 568, *rearg denied* 21 NY2d 880; *Matter of Barnes [Council 82, AFSCME],* 235 AD2d 826; *Foley v Roche,* 86 AD2d 887). Ordinarily, such a motion, like all motions for leave to reargue, had to be made before the time to appeal the prior order had expired (*see, Matter of Huie [Furman], supra; Matter of Barnes [Council 82, AFSCME], supra*). Certain exceptions to this general rule evolved where the case was still pending, ei-

ther in the trial court or on appeal (*see, Matter of Barnes [Council 82, AFSCME], supra*; *Bray v Gluck,* 235 AD2d 72; *Foley v Roche, supra*).

Where, however, judgment had been entered and no appeal was pending, case law held that a motion for leave to reargue based on a change in the law should not be granted (*see, Matter of Huie [Furman], supra*; *Bray v Gluck, supra*; *see also, Deeves v Fabric Fire Hose Co.,* 19 AD2d 735, *affd* 14 NY2d 633). As noted by the Court of Appeals, such a result might seem harsh, but "there must be an end to lawsuits and the time to take an appeal cannot forever be extended. Absent the sort of circumstances mentioned in CPLR 5015, such as newly discovered evidence, fraud, lack of jurisdiction, etc., a determination of a court from which no appeal has been taken ought to remain inviolate" (*Matter of Huie [Furman], supra,* at 572).

The amended statute now specifically provides that a motion based on a change in the law is a motion for leave to renew. The statute imposes no time limit for making such a motion. However, there is no indication in the legislative history of an intention to change the rule regarding the finality of judgments (*see,* Mem of Off of Ct Admin, 1999 NY Legis Ann, at 158; Legis Mem, 1999 McKinney's Session Laws of NY, at 1721-1722; Report of Advisory Committee, 1999 McKinney's Session Laws of NY, at 2065-2066). None of the circumstances set forth in CPLR 5015, nor circumstances which would warrant the exercise of the court's inherent power to provide relief from a judgment are present here (*see, Matter of Huie [Furman], supra*; *cf., McMahon v City of New York,* 105 AD2d 101). Consequently, because the plaintiffs' motion was made after judgment was entered and the time to appeal had expired, it should have been denied as untimely. Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.