■ BRYAN AUGUSTE et al., Appellants, v LINDEN GARDENS CONDOMINIUM et al., Respondents. [778 NYS2d 509]—

In an action to recover damages for personal injuries, etc., the plaintiffs Bryon Auguste, Daniel Fontus, Jean Claude Fontus, individually and on behalf of Gene Fontus, John Fontus, Jr., Josue Fontus, and Vanessa Fontus, Venise Fontus, Viergenie Fontus, Maxnord Lalanne, Beverly Murray, individually and on behalf of Fari Murray and Audrey Redman, Rodney Murray, George Prawl, Paulette Prawl, Clayton Redman, Janice Thomas, Brenda Wyllie, and Eric Wyllie, individually and on behalf of Kandice Wyllie and Keshia Wyllie, appeal from so much of (1) an order of the Supreme Court, Kings County (Jones, J.), dated March 18, 2002, as, upon, in effect, renewal, adhered to its prior determination in an order dated April 24, 2001, denying their motion to restore the action to the court's active calendar, and

(2) a judgment of the same court entered April 15, 2002, as, upon the order dated March 18, 2002, is in favor of the defendants and against them, dismissing the complaint, and the plaintiffs Yolande Thompson, Carmen Warmington, and Pauline Warmington separately appeal from stated portions of the order dated March 18, 2002.

Ordered that the appeal by the plaintiffs Yolande Thompson, Carmen Warmington, and Pauline Warmington is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal by the plaintiffs Bryan Auguste, Daniel Fontus, Jean Claude Fontus, individually and on behalf of Gene Fontus, John Fontus, Jr., Josue Fontus, and Vanessa Fontus, Venise Fontus, Viergenie Fontus, Maxnord Lalanne, Beverly Murray, individually and on behalf of Fari Murray and Audrey Redman, Rodney Murray, George Prawl, Paulette Prawl, Clayton Redman, Janice Thomas, Brenda Wyllie, and Eric Wyllie, individually, and on behalf of Kandice Wyllie, and Keshia Wyllie, from the order dated March 18, 2002, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, the complaint insofar as asserted by the plaintiffs Bryan Auguste, Daniel Fontus, Jean Claude Fontus, individually and on behalf of Gene Fontus, John Fontus, Jr., Josue Fontus, and Vanessa Fontus, Venise Fontus, Viergenie Fontus, Maxnord Lalanne, Beverly Murray, individually and on behalf of Fari Murray and Audrey Redman, Rodney Murray, George Prawl, Paulette Prawl, Clayton Redman, Janice Thomas, Brenda Wyllie, and Eric Wyllie, individually and on behalf of Kandice Wyllie and Keshia Wyllie, is reinstated, and the order dated March 18, 2002, with respect to the above-named plaintiffs, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, excluding Yolande Thompson, Carmen Warmington, and Pauline Warmington, payable by the defendants Linden Gardens Condominium, Linden Nostrand Gardens, and Trianco-Heatmaker, Inc.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On May 21, 1999, before a note of issue was filed, this action was marked "DISC" after the plaintiffs' respective counsel failed to appear at a status conference. Over 18 months later,

the two groups of plaintiffs separately moved to restore the action. By order dated April 24, 2001, the Supreme Court denied the motions and dismissed the action pursuant to CPLR 3404. Shortly thereafter, this Court held in *Lopez v Imperial Delivery Serv.* (282 AD2d 190 [2001]), that 22 NYCRR 202.27 and not CPLR 3404 was the proper vehicle for dismissal of an action where a note of issue had not yet been filed. The two groups of plaintiffs later moved, in effect, for leave to renew based upon *Lopez.* By order dated March 18, 2002, the Supreme Court found that notwithstanding *Lopez,* 22 NYCRR 202.27 supported dismissal of the complaint. Judgment was entered thereon on April 15, 2002.

The Supreme Court improperly "marked off" the instant action before a note of issue had been filed (*see Lopez v Imperial Delivery Serv., supra*). Accordingly, the action was never dismissed and should have been restored.

The defendants' remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.