■ TERRY DANIELS, Appellant, v MILLAR ELEVATOR INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Respondent. MARRIOTT MARQUIS HOTEL, INC., Third-Party Defendant-Respondent. [845 NYS2d 785]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated August 21, 2006, as denied her motion which was, in effect, for leave to renew her opposition to the prior motion of the defendant third-party plaintiff to dismiss the complaint pursuant to CPLR 3404, which had been granted in an order of the same court dated April 2, 1998.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In an order dated April 2, 1998, the Supreme Court granted the motion of the defendant third-party plaintiff to dismiss the complaint pursuant to CPLR 3404. By notice of motion dated February 28, 2006, the plaintiff moved "to reargue and or renew" her opposition to the prior motion, and to restore the action to active status. Since the plaintiff's motion was based upon "a change in the law that would change the prior determination" it was, in actuality, a motion for renewal (CPLR 2221 [e] [2]; *see e.g. Auguste v Linden Gardens Condominium,* 8 AD3d 414, 416 [2004]). Absent circumstances set forth in CPLR 5015, which are inapplicable here, a motion for leave to renew based upon a change in the law must be made before the time to appeal the final order has expired (*see Matter of Huie [Furman],* 20 NY2d 568, 572 [1967]; *Matter of Eagle Ins. Co. v Persaud,* 1 AD3d 356, 357 [2003]; *Glicksman v Board of Educ./ Cent. School Bd. of Comsewogue Union Free School Dist.,* 278 AD2d 364, 366 [2000]; *see also Benitez v City of New York,* 2 AD3d 285 [2003]). The plaintiff's motion, in effect, for leave to

renew was untimely since her time to appeal the order dated April 2, 1998 had expired. Nor did the plaintiff demonstrate any valid grounds for restoring this action. Accordingly, the plaintiff's motion, in effect, for leave to renew her opposition to the prior motion of the defendant third-party plaintiff to dismiss the complaint pursuant to CPLR 3404, was properly denied. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur. [*See* 13 Misc 3d 1214(A), 2006 NY Slip Op 51822(U) (2006).]