Careplus Medical Supply, Inc., 
 a/a/o DARWIN JIMENEZ and GILBERTO ESTEVEZ, Appellant,
against
Allstate Insurance Company, Respondent.



Appeal from an order of the District Court of Nassau County, Third District (Fred J. Hirsh, J.), entered September 8, 2008. The order denied plaintiff's motion for summary judgment.




ORDERED that the order is reversed, without costs, and plaintiff's motion for summary judgment is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. In opposition, defendant argued, among other things, that plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law. The District Court denied plaintiff's motion, finding that the affidavit of plaintiff's president and medical biller was insufficient to establish that plaintiff's claim forms were admissible as business records. An appeal by plaintiff ensued, and by decision and order entered October 6, 2009, this court affirmed the order of the District Court. Thereafter, plaintiff moved for leave to renew its motion based upon a change in the law with respect to the requirements for the establishment by a plaintiff provider of its prima facie case (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]). We note that, while plaintiff did not make its motion until 2014, the motion is not untimely since a final judgment has not been entered (see Dinallo v DAL Elec., 60 AD3d 620 [2009]; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364 [2000]).
It is now settled that "a plaintiff demonstrates prima facie entitlement to summary judgment by submitting evidence that payment of no-fault benefits [is] overdue, and proof of its claim, using the statutory billing form, was mailed to and received by the defendant insurer" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 501 [2015]). Contrary to the determination of the District Court, plaintiff was not required to establish, as part of its prima facie case, that its claim forms were admissible for the truth of the matters asserted therein pursuant to CPLR 4518 (see Viviane Etienne Med. Care, P.C., 25 NY3d 498). A review of the record before us shows that plaintiff made its prima facie showing and, in opposition, defendant failed to raise a triable issue of fact. With respect to the $802 claim submitted by plaintiff as assignee of Darwin Jimenez, defendant failed to establish that its follow-up notice scheduling an examination under oath (EUO) had been timely mailed (see 11 NYCRR 65-3.6 [*2][b]). Furthermore, with respect to the $1,277 and $995 claims submitted by plaintiff as assignee of Gilberto Estevez, while defendant's papers reflect that Estevez appeared for an EUO on July 30, 2003, defendant's own submissions showed that defendant did not deny those claims until October 1, 2003. 
Consequently, defendant failed to demonstrate that it had tolled the time to pay or deny plaintiff's claims, and, thus, that it is not precluded from raising its proffered defenses (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]), that Jimenez had failed to appear for an EUO, and that the EUO testimony of Estevez had failed to establish proof of the $1,277 and $995 claims. 
Accordingly, the order is reversed and plaintiff's motion for summary judgment is granted.
The decision and order of this court entered herein on October 6, 2009 (25 Misc 3d 128[A], 2009 NY Slip Op 52068[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]) are hereby recalled and vacated (see motion decided simultaneously herewith).
Marano, P.J., Garguilo and Connolly, JJ., concur.
Decision Date: February 22, 2016