Redeye v Progressive Ins. Co. (2018 NY Slip Op 00763)





Redeye v Progressive Ins. Co.


2018 NY Slip Op 00763


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


1505 CA 17-00995

[*1]DANIEL REDEYE, PLAINTIFF-APPELLANT,
v
PROGRESSIVE INSURANCE COMPANY, DEFENDANT-RESPONDENT. 






CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 21, 2016. The order denied the motion of plaintiff pursuant to CPLR 2221 (e) (2) for leave to renew and/or pursuant to CPLR 5015 (a) to vacate the court's prior order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendant, his motor vehicle liability insurer, seeking supplementary uninsured/underinsured motorist benefits. On a prior appeal, we held that Supreme Court properly granted the motion of defendant for summary judgment seeking, inter alia, to dismiss the complaint (Redeye v Progressive Ins. Co., 133 AD3d 1261 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). In our decision, we cited, inter alia, Weiss v Tri-State Consumer Ins. Co. (98 AD3d 1107 [2d Dept 2012]), and Supreme Court likewise relied on that case. In June 2016, the Second Department issued its decision in Matter of Government Empls. Ins. Co. v Sherlock (140 AD3d 872, 875 [2d Dept 2016]) in which it disavowed Weiss to an extent. Shortly thereafter, plaintiff moved pursuant to CPLR 2221 (e) (2) for leave to renew and/or pursuant to CPLR 5015 (a) to vacate the court's prior order on the ground that Weiss, upon which the court had relied, was no longer good law. The court denied the motion, and we now affirm.
Contrary to plaintiff's contention, the motion insofar as it sought leave to renew was properly denied. CPLR 2221 (e) does not impose a time limit on motions for leave to renew, unlike motions for leave to reargue, which must be made before the expiration of the time in which to take an appeal (see CPLR 2221 [d] [3]; 5512 [a]). A motion based on a change in the law formerly was considered a motion for leave to reargue, with the same time limit, i.e., before the time to appeal the order expired (see Matter of Huie [Furman], 20 NY2d 568, 572 [1967], rearg denied 21 NY2d 880 [1968]; Glicksman v Board of Educ./Cent. Sch. Bd. of Comsewogue Union Free Sch. Dist., 278 AD2d 364, 365 [2d Dept 2000]). Over time, the rule evolved to allow such a motion "where the case was still pending, either in the trial court or on appeal" (Glicksman, 278 AD2d at 365-366). The Court of Appeals explained in Huie that denying as untimely a motion for leave to reargue based on a change in the law "might at times seem harsh, [but] there must be an end to lawsuits" (id. at 572).
After the statute was amended in 1999 to specify that a motion based on a change in the law is a motion for leave to renew, courts have nevertheless properly continued to impose a time limit on motions based on a change in law (see Daniels v Millar El. Indus., Inc., 44 AD3d 895, 895 [2d Dept 2007]; Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357 [2d Dept 2003]; Glicksman, 278 AD2d at 366). As explained in Glicksman, "there is no indication in the legislative history of an intention to change the rule regarding the finality of judgments" (id. at [*2]366). Here, the case was no longer pending when plaintiff made his motion for leave to renew based on a change in the law, and we therefore conclude that the motion insofar as it sought leave to renew was untimely (see Daniels, 44 AD3d at 895-896; Glicksman, 278 AD2d at 366).
We further conclude that the court did not abuse its discretion in denying the motion insofar as it sought to vacate the prior order (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). None of the grounds set forth in CPLR 5015 (a) for vacatur of an order applies here. Although we agree with plaintiff that CPLR 5015 (a) "does not provide an exhaustive list" of the grounds for vacatur (Woodson, 100 NY2d at 68), we nevertheless reject plaintiff's contention that there are sufficient reasons to vacate the prior order in the interests of substantial justice (see id.).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court