Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 01729)





Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 01729


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 100643/16 Appeal No. 15529 Case No. 2021-00948 

[*1]In the Matter of 160 East 84th Street, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Sherry Sado, Intervenor Respondent-Respondent.


Horing Welikson Rosen & Digrugilliers PC, Williston Park (Richard T. Walsh of counsel), for appellant.
Mark F. Palomino, New York (Martin B. Schneider of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 20, 2020, which denied petitioner's motion for leave to renew its CPLR article 78 petition, unanimously affirmed, without costs.
The court properly denied petitioner's motion. Under certain circumstances, a court of original jurisdiction may entertain a motion for leave to renew a prior order or judgment based on newly discovered evidence, even after an appellate court has rendered a decision on that order or judgment (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]). But absent any of the circumstances set forth in CPLR 5015, which are inapplicable here, a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired (see Redeye v Progressive Ins. Co., 158 AD3d 1208, 1208-1209 [4th Dept 2018]; Dinallo v DAL Elec., 60 AD3d 620, 621 [2d Dept 2009]; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 365-366 [2d Dept 2000]). CPLR 2221(e) did not change the rule regarding the finality of judgments (Redeye at 1209; Glicksman at 366; see also Matter of Huie [Furman], 20 NY2d 568, 572 [1967]). Since the petition was no longer pending when petitioner made its motion for leave to renew, based on an alleged change in the law, the motion was untimely.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022