Opalinski v City of New York (2022 NY Slip Op 03245)





Opalinski v City of New York


2022 NY Slip Op 03245


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-08698
 (Index No. 11177/09)

[*1]Witold Opalinski, appellant,
v
City of New York, et al., respondents.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Judy C. Selmeci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated April 10, 2019. The order denied the plaintiff's motion for leave to renew his opposition to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), which had been granted in an order of the same court dated December 6, 2011, and, upon renewal, for leave to amend his bill of particulars to assert a violation of 12 NYCRR 23-1.5(c)(3).
ORDERED that the order dated April 10, 2019, is affirmed, with costs.
On July 23, 2008, the plaintiff was working on a renovation project at a New York City public school when the hand-held angle grinder he was holding spun out of control and the blade allegedly cut into his left hand. On April 29, 2009, the plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). With respect to the cause of action pursuant to Labor Law § 241(6), the plaintiff's bill of particulars alleged violations of 12 NYCRR 23-1.12(a) and (c) and 23-1.10(b)(1).
On a prior appeal, this Court, among other things, affirmed so much of an order of the Supreme Court, Queens County, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) (see Opalinski v City of New York, 110 AD3d 694, 696). On April 24, 2014, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint in its entirety (hereinafter the final judgment).
On June 17, 2015, the plaintiff served a copy of the final judgment with notice of its entry by regular mail upon the defendants' attorneys. On the same day, the plaintiff moved pursuant to CPLR 2221(e)(2) for leave to renew his opposition to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), based upon a purported change in the law, and upon renewal, for leave to amend his bill of particulars to assert a claim that he had not previously asserted, namely, a violation of 12 NYCRR [*2]23-1.5(c)(3) (hereinafter the first renewal motion). The first renewal motion was based on a decision issued by the Appellate Division, First Department, dated March 19, 2015, which held that section 23-1.5(c)(3) of the Industrial Code (12 NYCRR) was sufficiently specific to support a Labor Law § 241(6) cause of action (see Becerra v Promenade Apts. Inc., 126 AD3d 557, 558). The Supreme Court denied the plaintiff's motion, and the plaintiff appealed (hereinafter the second prior appeal).
While the second prior appeal was pending, on December 30, 2015, this Court determined that section 23-1.5(c)(3) of the Industrial Code was "sufficiently concrete and specific to support [a] plaintiff's Labor Law § 241(6) cause of action" (Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086).
On September 19, 2018, this Court affirmed the order appealed from in the second prior appeal, determining that, at the time the plaintiff made the first renewal motion, the purported change in law based on Becerra did not constitute a change in the applicable law in this Department (see Opalinski v City of New York, 164 AD3d 1354, 1355).
On October 26, 2018, the plaintiff moved in this Court for leave to appeal to the Court of Appeals from this Court's decision and order in the second prior appeal. On that same date, the plaintiff again moved in the Supreme Court pursuant to CPLR 2221(e)(2) for leave to renew his opposition to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), based upon a purported change in the law, to wit: this Court's decision in Perez, and, upon renewal, for leave to amend his bill of particulars to assert a violation of 12 NYCRR 23-1.5(c)(3). The Supreme Court denied the motion, and the plaintiff appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Dinallo v DAL Elec., 60 AD3d 620, 621; see CPLR 2221[e][2]; Opalinski v City of New York, 164 AD3d at 1355). However, "[a]fter entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a 'change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923, 923; Daniels v Millar El. Indus., Inc., 44 AD3d 895).
Here, it is undisputed that none of the circumstances set forth in CPLR 5015 are applicable to this case. Further, it is undisputed that the plaintiff's second motion for leave to renew was made after the entry of the final judgment. Additionally, since the plaintiff served a copy of the final judgment with written notice of its entry upon the defendants' attorneys by regular mail on June 17, 2015, the time to appeal from the final judgment expired on July 22, 2015 (see CPLR 5513[a], [d]). Therefore, the plaintiff's second motion for leave to renew, which was dated October 26, 2018, was untimely. The fact that the plaintiff's motion for leave to appeal to the Court of Appeals from this Court's decision and order in the second prior appeal was pending and undecided at the time the plaintiff made his second motion for leave to renew does not operate to extend the time to appeal from the final judgment (see Washington Mut. Bank, FA v Itzkowitz, 47 AD3d at 923; Daniels v Millar El. Indus., Inc., 44 AD3d 895; Eagle Ins. Co. v Persaud, 1 AD3d at 357). "[S]uch a result might seem harsh, but there must be an end to lawsuits and the time to take an appeal cannot forever be extended" (Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 366 [internal quotation marks omitted]).
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for leave to renew his opposition to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
In light of our determination, the plaintiff's remaining contention, relating to that branch of his motion which was for leave to amend his bill of particulars, has been rendered academic.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court