Wilmington Trust N.A. v Fife (2023 NY Slip Op 00293)

Wilmington Trust N.A. v Fife

2023 NY Slip Op 00293

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 850003/17 Appeal No. 17146 Case No. 2021-03706 

[*1]Wilmington Trust National Association, as Successor Trustee to Citibank, N.A., as Trustee for BNC Mortgage Loan Trust Series 2007-3, Mortgage Pass-Through Certificates, Series 2007-3, Plaintiff-Respondent,
v
Christine Fife, Defendant-Appellant, Board of Managers of Columbus Common Condominium, Defendant.

Gail M. Blasie, P.C., Garden City (Gail M. Blasie of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York (Lijue T. Philip of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 3, 2021, which granted plaintiff's motion to renew defendant-appellant's motion for summary judgment dismissing the complaint and, upon renewal, denied defendant's motion, unanimously reversed, on the law, without costs, and plaintiff's motion to renew denied. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff's motion to renew should have been denied as untimely (CPLR 2221[e][2]). Absent circumstances set forth in CPLR 5015, which are inapplicable here, "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal, 203 AD3d 501, 501 [1st Dept 2022]; see also Daniels v Millar El. Indus., Inc., 44 AD3d 895, 895 [2d Dept 2007]). Plaintiff's renewal motion was made after its time to appeal from the January 29, 2020 order granting defendant summary judgment dismissing the complaint had lapsed. Plaintiff filed a notice of appeal from that order on February 27, 2020 and, although it had six months from that date, or until August 27, 2020, to perfect the appeal (see 22 NYCRR 1250.10[a]), its' time to perfect was extended by this Court's March 17, 2020 order, issued in response to the COVID-19 pandemic, which temporarily suspended the perfection deadlines until May 8, 2020, when the March 17, 2020 order was rescinded. Accordingly, plaintiff's time to perfect the appeal expired, at the latest, in November 2020, and its renewal motion, filed April 30, 2021, was untimely (see Matter of Huie [Furman], 20 NY2d 568, 571 [1967]).
Moreover, even if, pursuant to Governor Cuomo's executive orders, all relevant filing deadlines were tolled by 228 days (see Murphy v Harris, 210 AD3d 410 [1st Dept 2022]; Matter of Roach v Cornell Univ., 207 AD3d 931, 932 [3d Dept 2022]; Brash v Richards, 195 AD3d 582, 583-585 [2d Dept 2021] [explaining that the executive orders added 228 days to filing deadlines]), plaintiff would have had until April 12, 2021 to perfect its appeal, and thus to file a motion to renew (160 E. 84th St., 203 AD3d at 501). Plaintiff did not file its motion to renew until April 30, 2021 — 18 days after the deadline. Thus, even considering the executive orders, plaintiff's renewal motion was untimely.
Although defendant's argument as to the timeliness of plaintiff's motion is raised for the first time on appeal, we may address it, as it presents a question of law that can be resolved on the face of the existing record (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]; Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
In view of the foregoing, we need not reach defendant's remaining contentions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023