## Federal Natl. Mtge. Assoc. ("Fannie Mae") v Lagonikos

2024 NY Slip Op 30756(U)

March 12, 2024

Supreme Court, Nassau County

Docket Number: Index No. 609058/2018

Judge: Lisa A. Cairo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

PRESENT:  HON. LISA A. CAIRO, J.S.C.

-------------------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE ASSOCIATION
("FANNIE MAE"), A CORPORATION ORGANIZED
AND EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

|  |  |
|---|---|
| | TRIAL/IAS PART 25 |
| | DECISION AND ORDER ON MOTION |
| | INDEX No. 609058/2018 |
| Plaintiff(s), | Motion Seq. No.  5 |
| -against- | XXX |

HARRY LAGONIKOS A/K/A HARILAOS I.
LAGONIKOS A/K/A HARRY J. LAGONIKOS,
VASLIKI LAGONIKOS A/K/A VICKY
LAGONIKOS, BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO FLEET NATIONAL
BANK, JPMORGAN CHASE BANK, N.A.,
SUCESSOR BY MERGER TO WASHINGTON
MUTUAL BANK, FA; JAMES CHIERCHIO; "JANE
DOE"(REFUSED  NAME)  AS  JOHN  DOE  #2;  "JANE
DOE" (REFUSED NAME) AS JOHN DOE #3,

                                        Defendant(s).
-------------------------------------------------------------------------X

| The following papers were read on this motion | DOCS NUMBERED |
|---|---|
| Notice of Motion, Affidavits, Affirmations, Exhibits, Memos..................... | 175-182 |
| Opposition Papers................................................................... | 185 |
| Reply Papers........................................................................ | 189-190 |

    Defendant Harry Lagonikos moves by order to show cause pursuant to CPLR 1015(a) to stay a pending foreclosure sale and for leave to renew his prior motion to dismiss pursuant to CPLR 2221(e), and upon such renewal vacating the prior orders and Judgment of Foreclosure and Sale (Judgment) and dismissing this action as time-barred.  In addition, Defendant asserts that because his spouse and co-mortgagor died prior to entry of the Judgment, the Judgment entered in this case is a legal nullity.

1

[*1]

On January 8, 2008, Defendant executed a promissory note for the sum of $215,000 plus interest, secured by a mortgage on real property located at 2957 Curtis Place, Wantagh, New York. The mortgage was also executed by Defendant's spouse Vasiliki Lagonikos. By August 26, 2008, Citimortgage commenced a first foreclosure action against the mortgagors under Index No. 15965/2008. On December 23, 2010, Citimortgage filed a discontinuance of that action. Meanwhile, on March 22, 2010, Citimortage filed a second foreclosure action against the mortgagors under Index No. 5862/10. An order discontinuing the second foreclosure action without prejudice was entered on or about January 9, 2014. A purported de-acceleration letter was sent to the mortgagors on August 25, 2014, just prior to the expiration of the statute of limitations period based upon the 2008 acceleration.

The instant action was commenced by Plaintiff as successor-in-interest to Citimortgage on July 9, 2018. On December 14, 2018, Defendant's motion to dismiss the action as untimely was denied based upon the de-acceleration letter. Vasiliki Lagonikos died on August 26, 2020. Plaintiff's motion for judgment of foreclosure and sale was submitted without opposition on June 14, 2022 and a Judgment issued on March 22, 2023. Service of the Judgment with notice of entry on the Defendant was accomplished on April 28, 2023 and the instant application was filed on July 6, 2023.

First, as to the effect of the death of Vasiliki Lagonikos on this action, "[i]n the context of a mortgage foreclosure action, where a deceased defendant made an absolute conveyance of all his or her interest in the mortgaged premises to another defendant, including his or her equity of redemption, and the plaintiff either discontinued the action as against the deceased defendant or elected not to seek a deficiency judgment against the deceased defendant's estate, then the deceased defendant is not a necessary party to the action." (*US Bank Nat. Ass'n v. Essess*, 132 Ad3d 847 [2d Dept 2015]; *see also PHH Mortgage Corp. v. Burt*, 176 AD3d 1242 [2d Dept 2019]). In this case, the Judgment indicates that the Plaintiff may seek to recover a deficiency judgment against Defendant Harry Lagonikos only as the sole executor of the note and the Estate of Vasiliki Lagonikos is not a necessary party.

Next, pursuant to CPLR 2221(e)(2), a motion to renew "shall demonstrate that there has been a change in the law that would change the prior determination." The change in law upon which Defendant relies on the Foreclosure Abuse Prevention Act [L 2022, ch 821] (FAPA), which went into effect on December 30, 2022. However, a motion to renew based upon a change in the law must be made prior to the entry of a final judgment or before the time to appeal has expired, absent circumstances set forth in CPLR 5015. (*Opalinski v. City of New York*, 205 AD3d 917, 918 [2d Dept 2022]; *160 East 84th Street v. New York State Division of Housing and Community Renewal*, 203 AD3d 501 [1st Dept 2022]). Defendant brought the instant motion after the time to appeal the Judgment had expired.

For these reasons, it is hereby

**ORDERED**, that Defendant's motion is **denied** in its entirety.

The foregoing constitutes the decision and order of this court. All applications not specifically addressed herein are denied.

Dated: Mineola, NY
March 12, 2024

E N T E R:

_____
HON. LISA A. CAIRO, J. S. C.

3

[* 3]