435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC (2025 NY Slip Op 01157)

435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC

2025 NY Slip Op 01157

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 452296/16|Appeal No. 3198|Case No. 2024-01894|

[*1]435 Central Park West Tenant Association, et al., Plaintiffs-Respondents,
v
Park Front Apartments, LLC, Defendant-Appellant.

Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for appellant.
Twyla Carter, The Legal Aid Society, New York (Charles Alvarez of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered February 28, 2024, which denied defendant owner's motion for leave to renew its prior motion for summary judgment dismissing the rent overcharge claim, unanimously modified, on the law, to grant the motion to the extent it sought leave to renew, remand for the court to decide the motion after renewal, and otherwise affirmed, without costs.
Plaintiffs are tenants in a building which was subject to U.S. Department of Housing and Urban Development (HUD) oversight until April 12, 2011, when the building became subject to the Rent Stabilization Law (435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 164 AD3d 411, 414 [1st Dept 2018]). Under defendant owner's Use Agreement with HUD, tenants who had been found ineligible for HUD subsidies paid a higher "market" rent. In March 2001, these tenants were permitted to undergo a recertification process to qualify for the lower "contract" rent under the Use Agreement. In their complaint filed in 2016, plaintiffs allege that defendant tampered with the recertification process, and pressured and misled tenants, for the purpose of improperly raising rents to Use Agreement "market" rates. They allege that because their HUD rents in effect on April 12, 2011 were illegal, they should not have been used as the initial legal regulated rent.
In or about June 2019, defendant moved for summary judgment, arguing that the fraud exception under the Rent Stabilization Law permitting review of the rent history prior to four years before the date of commencement (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516) and application of the Rent Stabilization Code's default formula to determine any overcharge (9 NYCRR § 2522.6) did not apply in this case because the landlord had not engaged in a fraudulent scheme to deregulate plaintiffs' apartments. The motion court denied the motion.
On appeal, this Court agreed with defendant that the law as it existed prior to enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) applies in this case. However, we found that plaintiffs had raised a triable issue of fact as to whether the landlord engaged in a fraudulent scheme (435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 510 [1st Dept 2020]). Accordingly, we affirmed denial of defendant's summary judgment motion.
In April 2023, defendant moved in Supreme Court for renewal of its summary judgment motion. Defendant argued that Casey v Whitehouse Estates, Inc. (39 NY3d 1104 [2023]) supported its position on the summary judgment motion. The motion court denied the motion to renew and did not reach the substantive issue raised by defendant.
Contrary to plaintiffs' contention, a court of original jurisdiction may entertain a motion for leave to renew based on an alleged change in or clarification of the law, "even after an appellate court has rendered a decision" on the prior order (Matter of 160 E. [*2]84th St. v New York State Div. of Hous. & Community Renewal, 203 AD3d 501, 501 [1st Dept 2022]; see also Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]). Accordingly, defendant's motion to renew its summary judgment motion should be granted.
The parties briefed several issues arising from more recent legislative changes relevant to this appeal. We decline to address those issues before the motion court has
had the opportunity to do so.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025