US Bank NA v Gallant (2025 NY Slip Op 02141)

US Bank NA v Gallant

2025 NY Slip Op 02141

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 850284/17|Appeal No. 3903-&M-641|Case No. 2024-00150|

[*1]US Bank NA, etc., Plaintiff-Respondent,
v
Brenda Gallant et al., Defendants-Appellants, Board of Directors of the 40 Sutton Place Condominium, et al., Defendants. United Jewish Organizations of Williamsburg, Inc., Amicus Curiae.

Levy & Nau P.C., Brooklyn (Roger A. Levy of counsel), for appellants.
Hinshaw & Culbertson LLP, New York (Ashley R. Newman of counsel), for respondent.
Aidala Bertuna & Kamins, P.C., New York (John M. Leventhal of counsel), for amicus curiae.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered October 27, 2023, which granted so much of defendants' motion as sought leave to renew plaintiff's motion for summary judgment and, upon renewal, adhered to its prior decision; and denied so much of the motion as sought leave to renew the motion for a judgment of foreclosure and sale, unanimously affirmed, without costs.
On May 24, 2021, Supreme Court granted plaintiff's motion for summary judgment and an order of reference in this action, reasoning that the 2014 discontinuance de-accelerated defendants' loan. On October 19, 2021, the court granted plaintiff's motion for a judgment of foreclosure and sale without opposition. On February 22, 2022, plaintiff noticed a foreclosure sale to occur on April 6, 2022, which did not occur. On September 16, 2022, plaintiff noticed a foreclosure sale to occur March 15, 2023. On December 30, 2022, Governor Hochul signed into law the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), which provided that a voluntary discontinuance of a foreclosure action would not reset the limitations period to commence an action. Eight days before the second foreclosure sale was to take place, defendants moved to renew the prior motions and, in effect, dismiss the complaint based on FAPA.
Generally, where the "circumstances set forth in CPLR 5015 . . . are inapplicable . . . a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal, 203 AD3d 501, 501 [1st Dept 2022]). Although this Court has found that the Legislature intended FAPA to apply retroactively (see Wilmington Trust, N.A. v Farkas, 232 AD3d 524, 525-526 [1st Dept 2024]; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 488 [1st Dept 2024]; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44 [1st Dept 2023]), there is no statutory language or other clear indication that the Legislature intended FAPA to permit a litigant to move for renewal after the time to appeal the final judgment for foreclosure and sale has fully expired. Absent applicable circumstances under CPLR 5015, or clear legislative history or directive to the contrary, defendants' motion for renewal, based on FAPA, and filed more than a year after the time to appeal had expired, was untimely. Accordingly, defendants' motion for renewal of the judgment of foreclosure and sale was properly denied.
In view of the foregoing, we decline to address the remaining issues raised by the parties.
M-641 - US Bank NA v Brenda Gallant
Motion to file amicus curiae brief, granted.
Amicus United Jewish Organizations of Williamsburg Inc. is directed to serve and file a digital version of its brief via NYSCEF in the form submitted with the moving papers.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, [*2]APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025