Bank of N.Y. Mellon v Bosboom (2025 NY Slip Op 02866)

 Bank of N.Y. Mellon v Bosboom

2025 NY Slip Op 02866

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 850016/18|Appeal No. 4333|Case No. 2024-03812|

[*1]The Bank of New York Mellon Formerly Known as The Bank of New York, as Trustee (CWALT 2007-24), Plaintiff-Appellant,
v
Dorline Bosboom et al., Defendants-Respondents, Board Of Managers of the 140 East 56th Street Condominium et al., Defendants.

Tromberg, Morris & Partners PLLC, New York (Jose D. Echevarria of counsel), for appellant.
The Law Offices of Marc Jonas Block, P.C., New York (Marc J. Block of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about May 14, 2024, which granted defendants' motion to renew their motion for summary judgment and, upon renewal, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The Foreclosure Abuse Prevention Act (FAPA), which added CPLR 3217(e) and 203(h), applies to this action and renders plaintiff's cause of action untimely. CPLR 3217(e) now provides that the voluntary discontinuance of a foreclosure action "shall not . . . extend, revive or reset" the statute of limitations unless conditions not relevant here apply. Plaintiff brought a foreclosure action in 2011 by complaint that included a declaration accelerating defendants' mortgage loan. It then moved to discontinue that action in 2013. Accordingly, plaintiff's cause of action on that same loan began to accrue in 2011 and was time-barred when plaintiff brought this action in 2018 (CPLR 3217[e]). Contrary to plaintiff's contention, FAPA was intended to apply retroactively (see Genovese v Nationstar Mtge. LLC (223 AD3d 37, 44-45 [1st Dept 2023]).
Applying FAPA retroactively here would not violate due process because, as the motion court noted, FAPA's legislative history shows that it was designed to protect homeowners from "abuses of the judicial foreclosure process" through the ability to maintain successive, and otherwise time-barred, foreclosure actions (see Genovese, 223 AD3d at 41; Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 531 [1st Dept 2024]). FAPA furthered these legitimate legislative purposes through rational means (see Del Rio at 532; American Economy Ins. Co. v State of New York, 30 NY3d 136, 157-158 [2017], cert denied 584 US 1013 [2018]). Even in 2013, plaintiff could not rely on the discontinuance of its prior action to deaccelerate its loan. Until 2021, when the Court of Appeals decided Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), the law was unsettled as to the effect of a discontinuance on deaccelerating a loan that had been accelerated through the filing of a complaint containing a declaration seeking the entire balance of the loan (see Engel at 28; cf. Federal Natl. Mtge. Assn. v Rosenberg (180 AD3d 401 [1st Dept 2020] [pre-Engel decision finding that 90-day notice, not discontinuance, deaccelerated loan]).
Applying FAPA retroactively would also not violate the US Constitution's Contract Clause, as plaintiff has not identified a contract provision that FAPA impaired (see Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 490 [1st Dept 2024]).
Defendants timely moved to renew before any final judgment had been entered (see CPLR 2221[e]; Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal, 203 AD3d 501 [1st Dept 2022]). Applying FAPA retroactively would not undermine the motion court's prior order because defendants used precisely the procedural mechanism — a motion to renew — that the CPLR allows to undo a prior [*2]order based on a change in the law. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025