Wells Fargo Bank v Paz (2025 NY Slip Op 05121)

Wells Fargo Bank v Paz

2025 NY Slip Op 05121

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-11706
 (Index No. 704723/21)

[*1]Wells Fargo Bank, etc., respondent, 
v
Fredy A. Paz, etc., et al., appellants, et al., defendants.

David M. Harrison, Brooklyn, NY, for appellants.
Hinshaw & Culbertson LLP, New York, NY (Mitra Paul Singh and Victor L. Matthews of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Juan A. Lora, Jr., and Fredy A. Paz appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 8, 2023. The order, insofar as appealed from, (1) upon granting that branch of the motion of the defendant Juan A. Lora, Jr., which was for leave to renew his opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, adhered to a prior determination in an order of the same court dated February 17, 2017, granting those branches of the plaintiff's motion, (2) denied that branch of that defendant's motion which was pursuant to CPLR 3025(b) for leave to amend his answer, and (3) denied that branch of that defendant's motion which was to vacate an order of the same court dated February 21, 2017, and a judgment of foreclosure and sale of the same court entered September 18, 2019.
ORDERED that the appeal by the defendant Fredy A. Paz is dismissed, as that defendant is not aggrieved by the portions of the order entered August 8, 2023, appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order entered August 8, 2023, is affirmed insofar as appealed from by the defendant Juan A. Lora, Jr.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2005, the defendant Fredy A. Paz executed a note in the sum of $520,000 in favor of Accredited Home Lenders, Inc. The note was secured by a mortgage on certain residential property located in Ridgewood. In January 2007, the plaintiff commenced an action (hereinafter the 2007 action) against Paz, among others, to foreclose the subject mortgage. In May 2007, Paz conveyed the property by deed to the defendant Juan A. Lora, Jr. In November 2010, the plaintiff voluntarily discontinued the 2007 action. By assignment of mortgage executed August 31, 2011, the note and mortgage were assigned to the plaintiff.
On October 8, 2014, the plaintiff commenced this action against Paz and Lora (hereinafter together the defendants), among others, to foreclose the mortgage. Lora interposed an [*2]answer asserting various affirmative defenses. Paz did not interpose an answer.
In 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Lora, to strike Lora's answer, and for an order of reference. Lora opposed the motion. In an order dated February 17, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order dated February 21, 2017, the court granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. A judgment of foreclosure and sale was subsequently entered on September 18, 2019.
On May 2, 2023, Lora moved, inter alia, pursuant to CPLR 2221(e) for leave to renew his opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, based upon a change in the law, and, upon renewal, for an order denying those branches of the plaintiff's motion, pursuant to CPLR 3025(b) for leave to amend his answer to include an affirmative defense alleging that the action is barred by the statute of limitations, and to vacate the order dated February 21, 2017, and the judgment of foreclosure and sale. The plaintiff opposed the motion. In an order entered August 8, 2023, the Supreme Court granted leave to renew and, upon renewal, adhered to its prior determination in the order dated February 17, 2017, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Lora, to strike Lora's answer, and for an order of reference. The court denied those branches of Lora's motion which were for leave to amend his answer and to vacate the order dated February 21, 2017, and the judgment of foreclosure and sale. The defendants appeal. We affirm, albeit on different grounds.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Opalinski v City of New York, 205 AD3d 917, 919 [internal quotation marks omitted]; see CPLR 2221[e][2]). However, "[a]fter entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a change in the law that would change the prior determination must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357 [internal quotation marks omitted]; see U.S. Bank N.A. v Tong, 230 AD3d 716, 717; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 366).
Here, the final judgment of foreclosure and sale entered on September 18, 2019, was served upon Lora with notice of entry on November 5, 2019. Lora never appealed from the judgment and did not move for leave to renew until May 2, 2023, long after his time to appeal from the judgment expired (see CPLR 5513[a], [d]). Therefore, the Supreme Court should have denied as untimely that branch of Lora's motion which was for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference (see U.S. Bank N.A. v Tong, 230 AD3d at 717; Opalinski v City of New York, 205 AD3d at 919).
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court