21st Mtge. Corp. v Jin Hua Lin (2026 NY Slip Op 01116)

21st Mtge. Corp. v Jin Hua Lin

2026 NY Slip Op 01116

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 850085/18|Appeal No. 4799|Case No. 2024-07333|

[*1]21st Mortgage Corporation etc., Plaintiff-Respondent,
vJin Hua Lin, et al., Defendants, Renaissance Economic Development Corporation, Defendant-Appellant.

The Seltzer Law Group P.C., New York (Steven Seltzer of counsel), for appellant.
Gross Polowy, LLC, Williamsville (Steven Rosenfeld of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about October 21, 2024, which denied defendant Renaissance Economic Development Corporation's motion to stay and vacate the judgment of foreclosure and sale and for renewal of its motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings in accordance with this decision.
Supreme Court rendered its judgment of foreclosure and sale on July 12, 2023. The judgment sufficiently drew attention to the filing date via the computer generated stamp across the top (compare Pac Fung Feather Co. Ltd. v Porthault NA LLC, 140 AD3d 576, 577 [1st Dept 2016]). Therefore, plaintiff's July 27, 2023 notice of entry correctly stated that the judgment of foreclosure and sale was entered by the County Clerk on July 12, 2023 (cf. Baranello v Westchester Sq. Med. Ctr., 282 AD2d 259, 259 [1st Dept 2001]). Generally, "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Matter of 160 E 84th St v New York State Div. of Hous. & Community Renewal, 203 AD3d 501 [1st Dept 2022]). However, in Article 13 LLC v Ponce De Leon Fed Bank, the Court of Appeals clarified the application of the Foreclosure Abuse Prevention Act (FAPA), finding that it applies retroactively and to all foreclosure actions in which "a final foreclosure sale had not been enforced prior to its effective date, including actions pending at the time of its effective date" (Article 13 LLC v Ponce De Leon Fed Bank, — NY3d — , 2025 NY Slip Op 06536, *2 [2025]).
A judgment of foreclosure and sale is deemed enforced when the sale is concluded (see Guardian Loan Co. v Early, 47 NY2d 515, 519-520 [1979]; Wilmington Sav. Fund Socy., FSB v Thomas, 226 AD3d 1064, 1067 [2d Dept 2024]). Therefore, the only way to effectuate the retroactive application of FAPA after a judgment has been entered and the time to appeal has expired, is by filing a motion to renew before the sale is conducted (Article 13 LLC, 2025 NY Slip Op 06536, *2). Based on a change in the law with the enactment of the FAPA, Renaissance's January 2024 motion for leave to renew pursuant to CPLR 2221(e)(2), was timely (id.; Early, 47 NY2d at 519-520; Thomas, 226 AD3d at 1067).
Accordingly, we remand the motion to Supreme Court for consideration on the merits.
The Decision and Order of this Court entered herein on October 2, 2025 is hereby recalled and vacated (see M-4517 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026